UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY (CAMDEN)
----------------------------------------------------------X
LILI BERNARD,                                    Docket No.

                Plaintiff,        **COMPLAINT**

v.

WILLIAM COSBY,                           **JURY TRIAL DEMANDED**

                Defendant.
----------------------------------------------------------X

      Plaintiff, Lili Bernard, by her attorneys, MERSON LAW, PLLC, complaining against defendant WILLIAM COSBY, respectfully shows to this Court and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of California.

2. Defendant is a citizen of Pennsylvania.

3. The amount in controversy, without interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

4. The Court has jurisdiction under 28 U.S.C. § 1332.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff Lili Bernard resides as 1225 South Tremaine Avenue, Los Angeles, California 90019.

7. Defendant William Cosby resides at 8210 New Second Street, Elkins Park, PA 01370.

## FACTS OF THE CASE

8. Plaintiff Lili Bernard brings the herein action alleging sexual abuse, assault, and battery, pursuant to N.J. Stat. § 2A:14-2b.

9. Ms. Bernard and William Cosby first met on the set of Mr. Cosby's television show, *The Cosby Show*.

10. In approximately July 1990, Mr. Cosby offered to be a mentor for Ms. Bernard's acting career.

11. For the next several weeks, Mr. Cosby mentored Ms. Bernard by, among other things, running theatrical exercises with Ms. Bernard, asking her detailed questions about her life, and telling her that if she worked hard and followed his directions, he would feature her in a principal speaking role on *The Cosby Show*.

12. During the mentoring sessions, Mr. Cosby stated that he looked upon Ms. Bernard as if she were his daughter, emphasized to Ms. Bernard that chastity was a virtue, warned her of the sexual pressures of Hollywood, and offered to Ms. Bernard that she may call him, "Daddy."

13. During one of the mentoring sessions toward the end of July 1990, while Mr. Cosby was guiding Ms. Bernard through a theatrical exercise in vocal projection,

Mr. Cosby grabbed Ms. Bernard's ribcage and diaphragm without her permission under the guise that he was teaching her how to breathe, and then suddenly, violently, and without permission grabbed and squeezed Ms. Bernard's breasts.

14. When Ms. Bernard confronted Mr. Cosby about his inappropriate and unpermitted sexual contact, he feigned innocence and acted insulted. Ms. Bernard did not know what to think about what transpired.

15. In or around August 1990, Mr. Cosby persuaded, induced, enticed, and/or coerced Ms. Bernard to travel from New York to New Jersey by telling her that he was arranging a meeting at Trump Taj Mahal, in Atlantic City between Ms. Bernard, Mr. Cosby and a man who Mr. Cosby described as a producer who would advance Ms. Bernard's career.

16. Mr. Cosby arranged for Ms. Bernard's interstate transportation from New York to New Jersey.

17. Upon information and belief, Mr. Cosby knowingly and intentionally transported Ms. Bernard interstate for the purpose of drugging and then sexually abusing Ms. Bernard.

18. Upon information and belief, Mr. Cosby knowingly and intentionally persuaded, induced, enticed, and/or coerced Ms. Bernard to travel interstate for the purpose of drugging and then sexually abusing Ms. Bernard.

19. The meeting continued past the meal and was moved to a dining room of one of the Trump Taj Mahal's suites.

20. Once at the suite, Mr. Cosby prepared a supposedly non-alcoholic

beverage for Ms. Bernard to drink, since she did not drink alcoholic beverages.

21. After drinking the beverage, Ms. Bernard began to feel symptoms of dizziness, an urge to vomit, and weakness.

22. Mr. Cosby helped Ms. Bernard to the restroom where he said, "Daddy's going to get you something to feel better," before leaving the room. She thereafter vomited and lost consciousness.

23. When Ms. Bernard awoke, Mr. Cosby was undressing her and she remained dizzy, unable to stand, and unable to move her body.

24. When Ms. Bernard said, "No," in response to Mr. Cosby's efforts to undress her, Mr. Cosby ignored her and continued to undress her. She lost consciousness again.

25. Ms. Bernard awoke again to find Mr. Cosby naked atop her, vaginally raping her with his penis. Ms. Bernard lost consciousness again.

26. When Ms. Bernard awoke again, she found herself naked and alone in an empty bathtub or jacuzzi in the bathroom, still dizzy and unable to move. She went in and out of consciousness until fully losing consciousness again.

27. When Ms. Bernard next awoke, it was the morning and she was naked in a bed.

28. Upon her awakening, Mr. Cosby dragged Ms. Bernard to a sitting position, dressed her quickly, handed Ms. Bernard money, and walked her to a waiting car with the assistance of a bellman.

29. Mr. Cosby arranged for Ms. Bernard's interstate transportation from

New Jersey back to New York.

30. Mr. Cosby sexually assaulted, battered, and drugged Ms. Bernard on additional occasions.

31. Following the sexual assault of Ms. Bernard by Mr. Cosby, Mr. Cosby threatened Plaintiff that if she went to the police, he would file a police report against her for false accusations and sue her for defamation.

32. Following the sexual assault of Ms. Bernard by Mr. Cosby, Mr. Cosby threatened that he would prevent Ms. Bernard from working in the entertainment industry if she reported the sexual abuse.

33. Following the sexual assault of Ms. Bernard by Mr. Cosby, Mr. Cosby threatened Ms. Bernard that he would "erase" her if she reported the sexual abuse.

34. As a result of the above-described sexual abuse, Ms. Bernard sustained psychological, mental, and physical trauma.

35. By reason of the wrongful acts of Mr. Cosby, as specified above, Ms. Bernard sustained permanent injuries, including, but not limited to, post-traumatic stress disorder, anxiety, depression, emotional distress and physical sequelae thereof, nightmares, flashbacks, inability to sleep, severe physical pain and suffering, severe emotional pain and suffering, embarrassment, and multiple other permanent injuries.

36. Upon information and belief, some or all the injuries described above are permanent, and Ms. Bernard has and/or will expend sums of money for treatment.

## FIRST COUNT:
## ASSAULT

37. Plaintiff incorporates the foregoing paragraphs of the Complaint as if set forth at length herein.

38. The foregoing actions of Defendant were done by Defendant with the intention to cause a harmful or offensive contact with the person of Plaintiff.

39. Defendant, through the foregoing actions, placed Plaintiff in imminent apprehension of physical contact.

40. Defendant's assault of Plaintiff was done without legal justification.

41. Defendant's assault of Plaintiff was done against Plaintiff's will and without consent.

42. As a result of the assault committed by Defendant, Plaintiff sustained permanent injuries, including, but not limited to, post-traumatic stress disorder, anxiety, depression, emotional distress and physical sequelae thereof, nightmares, flashbacks, inability to sleep, severe physical pain and suffering, severe emotional pain and suffering, embarrassment, and multiple other permanent injuries.

WHEREFORE, plaintiff Lili Bernard, by her attorneys, Merson Law, PLLC, hereby demands judgment in her favor and against defendant William Cosby for damages in an amount no less than twenty-five million dollars ($25,000,000) to compensate Plaintiff for compensatory damages, punitive damages, interest, cost of suit, and such other and further relief as this Honorable Court may deem appropriate and just. Plaintiff hereby certifies, pursuant to Local Civil Rule

201.1(d)(1), that the value of Plaintiff's claim is substantially in excess of $150,000, exclusive of interest and costs.

## SECOND COUNT:
## BATTERY

43. Plaintiff incorporates the foregoing paragraphs of the Complaint as if set forth at length herein.

44. The foregoing actions of Defendant constituted nonconsensual contact of Plaintiff.

45. Defendant's battery of Plaintiff was done without legal justification.

46. Defendant's battery of Plaintiff was done against Plaintiff's will and without consent.

47. As a result of the battery committed by Defendant, Plaintiff sustained permanent injuries, including, but not limited to, post-traumatic stress disorder, anxiety, depression, emotional distress and physical sequelae thereof, nightmares, flashbacks, inability to sleep, severe physical pain and suffering, severe emotional pain and suffering, embarrassment, and multiple other permanent injuries.

WHEREFORE, plaintiff Lili Bernard, by her attorneys, Merson Law, PLLC, hereby demands judgment in her favor and against defendant William Cosby for damages in an amount no less than twenty-five million dollars ($25,000,000) to compensate Plaintiff for compensatory damages, punitive damages, interest, cost of suit, and such other and further relief as this Honorable Court may deem appropriate and just. Plaintiff hereby certifies, pursuant to Local Civil Rule

201.1(d)(1), that the value of Plaintiff's claim is substantially in excess of $150,000, exclusive of interest and costs.

## THIRD COUNT:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff incorporates the foregoing paragraphs of the Complaint as if set forth at length herein.

49. The foregoing actions of Defendant were done willfully, intentionally and/or recklessly.

50. The foregoing actions of Defendant were done with the intention to produce emotional distress.

51. The foregoing actions of Defendant were done in deliberate disregard of the high degree of probability that emotional distress to Plaintiff would follow.

52. The foregoing actions of Defendant were extreme and outrageous to such a degree as to go beyond all possible bounds of decency and were atrocious and utterly intolerable in a civilized community.

53. As a result of the foregoing actions of Defendant, Plaintiff sustained permanent injuries, including, but not limited to, emotional distress.

54. The emotional distress suffered by Plaintiff as a result of the foregoing actions of Defendant was so severe that no reasonable person could be expected to endure such distress.

55. The foregoing actions of Defendant were sufficiently severe to cause genuine and substantial emotional distress or mental harm to the average person

similarly situated to Plaintiff.

WHEREFORE, plaintiff Lili Bernard, by her attorneys, Merson Law, PLLC, hereby demands judgment in her favor and against defendant William Cosby for damages in an amount no less than twenty-five million dollars ($25,000,000) to compensate Plaintiff for compensatory damages, punitive damages, interest, cost of suit, and such other and further relief as this Honorable Court may deem appropriate and just. Plaintiff hereby certifies, pursuant to Local Civil Rule 201.1(d)(1), that the value of Plaintiff's claim is substantially in excess of $150,000, exclusive of interest and costs.

## FOURTH COUNT:

## FALSE IMPRISONMENT

56. Plaintiff incorporates the foregoing paragraphs of the Complaint as if set forth at length herein.

57. Through the aforementioned conduct, Mr. Cosby unlawfully restrained Ms. Bernard's personal liberty and/or freedom of movement.

58. Mr. Cosby unlawfully restrained Ms. Bernard through force.

59. Mr. Cosby's unlawful restraint of Ms. Bernard was without legal authority or justification.

60. Mr. Cosby's unlawful restraint of Ms. Bernard was against Ms. Bernard's will.

61. Mr. Cosby's conduct was done with the intention of causing Ms. Bernard to be confined.

WHEREFORE, plaintiff Lili Bernard, by her attorneys, Merson Law, PLLC, hereby demands judgment in her favor and against defendant William Cosby for damages in an amount no less than twenty-five million dollars ($25,000,000) to compensate Plaintiff for compensatory damages, punitive damages, interest, cost of suit, and such other and further relief as this Honorable Court may deem appropriate and just. Plaintiff hereby certifies, pursuant to Local Civil Rule 201.1(d)(1), that the value of Plaintiff's claim is substantially in excess of $150,000, exclusive of interest and costs.

## FIFTH COUNT:
## PUNITIVE DAMAGES

62. Plaintiff incorporates the foregoing paragraphs of the Complaint herein as if set forth at length.

63. The foregoing conduct of Mr. Cosby was malicious, willful, and wanton. Mr. Cosby acted with knowledge that Ms. Bernard would be harmed.

64. Mr. Cosby's acts and omissions constitute an intentional, blatant, willful, and wanton disregard for the safety of Plaintiff and women in general.

65. Mr. Cosby could have, and should have, reasonably foreseen that Ms. Bernard would be harmed by his actions.

66. Plaintiff seeks punitive damages from Defendant.

67. Plaintiff also seeks damages pursuant to New Jersey Revised Statutes, Section 2A:15-5.9, *et seq.*, also known as the Punitive Damages Act.

WHEREFORE, plaintiff Lili Bernard, by her attorneys, Merson Law, PLLC,

hereby demands judgment in her favor and against defendants, jointly and severally, in the amount of one-hundred twenty-five million dollars ($125,000,000) for punitive damages, interests, costs of suit and such other relief as this Honorable Court may deem appropriate and just. Plaintiff hereby certifies, pursuant to Local Civil Rule 201.1(d)(1), that the value of Plaintiff's claim is substantially in excess of $150,000, exclusive of interest and costs.

Dated: New York, New York
October 13, 2021

                             MERSON LAW, PLLC

By: *[signature]*

                             Jordan K. Merson (JM-7939)
                             Jordan K. Rutsky (JR-7033
                             Attorneys for Plaintiff
                             950 Third Avenue, 18th Floor
                             New York, NY 10022
                             (212) 603-9100