# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILI BERNARD,<br>    Plaintiff,<br><br>v.<br><br>WILLIAM COSBY,<br>         Defendant. | Case No. 21-CV-18566<br>(Hon. Noel L. Hillman) (MJS)<br><br>*Document Filed Electronically*<br><br>Motion Date: March 21, 2022 |

## MEMORANDUM OF LAW IN SUPPORT OF
## CHILD USA'S
## <u>MOTION TO FILE BRIEF *AMICUS CURIAE*</u>

Prof. Marci A. Hamilton, Esq.
University of Pennsylvania
Founder & CEO, CHILD USA
3508 Market Street, Suite 202
Philadelphia, PA 19104
Tel: (215) 539-1906
marcih@sas.upenn.edu

Alice Bohn, Esq.
Legal Director, CHILD USA
Alice Nasar Hanan, Esq.
Bridget A. Brainard, Esq.
Staff Attorneys, CHILD USA
abohn@childusa.org
ahanan@childusa.org
bbrainard@childusa.org

Dated: February 21, 2022

Hillary M. Nappi, Esq.
Hach Rose Schirripa & Cheverie LLP
112 Madison Avenue, 10th Floor
New York, NY 10016
Tel: (212) 213-8311

*Counsel for Amicus Curiae*
CHILD USA

# **TABLE OF CONTENTS**

**ARGUMENT** ................................................................................................1

**I.   THE FACTORS IN FEDERAL RULE OF APPELLATE PROCEDURE 29(B) SUPPORT GRANTING CHILD USA LEAVE TO FILE** .....................2

**II.   ADDITIONAL FACTORS THIS COURT HAS CONSIDERED ALSO SUPPORT GRANTING CHILD USA LEAVE TO FILE** ..............................4

**CONCLUSION** ............................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**

Foley v. Horizon Blue Cross Blue Shield of N.J., Inc., No. 06-6219, 2007 WL 2694069 (D.N.J. Sept. 11, 2007) ................................................................................ 2

Harris v. Pernsley, 820 F.2d 592 (3d Cir. 1987) ....................................................... 1

Jama v. U.S. Immigration and Naturalization Serv., 334 F. Supp. 2d 662 (D.N.J. 2004) ................................................................................................................... 1

Martinez v. Capital Cities/ABC-WPVI, 909 F. Supp. 283 (E.D. Pa. 1995) ............ 2

Smith v. Chrysler Fin. Co., No. 00-6003, 2003 WL 328719 (D.N.J. Jan. 15, 2003) 6

United States v. Alkaabi, 223 F. Supp. 2d, 583 (D.N.J. 2002) ...................... 1, 2, 4, 6

United States v. Gotti, 755 F. Supp. 1157 (E.D.N.Y. 1991) ................................... 6

Washington Gas & Light Co. v. Prince George's Cnty. Council, No. 08-0967, 2012 WL 832756 (D. Md. Mar. 9, 2012) .................................................................... 2

Waste Mgmt. of Penn., Inc. v. City of York, 162 F.R.D. 34 (M.D. Pa. 1995) ......... 6

**STATUTES**

Fed R. App. P. 29(b) .............................................................................................. 1, 2

N.J. Stat. Ann. § 2A:14-2b ....................................................................................... 4

Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, 293 F.3d 128, 133 (3d Cir. 2002) ............................................................................................................ 2, 6

Newark Branch, NAACP v. Town of Harrison, 940 F.2d 792, 808 (3d Cir. 1991)..3

## ARGUMENT

CHILD USA moves for leave to file the accompanying proposed Brief of *Amicus Curiae*. Defendant William Cosby does not consent to CHILD USA's filing of an *amicus* brief; Plaintiff Lili Bernard consents to CHILD USA's filing.

The decision whether to grant leave to file an *amicus* brief is within the sound discretion of the District Court. United States v. Alkaabi, 223 F. Supp. 2d, 583, 592 (D.N.J. 2002). In recent years, this Court has granted numerous *amici* leave to file briefs, see, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. K Hovnanian Enters., Inc., No. 3:10-cv-6258, 2011 WL 4915899, at *1 (D.N.J. Oct. 17, 2011); Jama v. U.S. Immigration and Naturalization Serv., 334 F. Supp. 2d 662, 673 (D.N.J. 2004); Alkaabi, 223 F.Supp. 2d at 592.

Because the issues presented by this case are of substantial interest to CHILD USA, and because CHILD USA's proposed *amicus* brief would aid in the Court's consideration of those issues by addressing matters on which CHILD USA has particular expertise, this Court should grant leave to file. See, e.g., Fed R. App. P. 29(b); Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir. 1987) (concluding *amicus* briefs "may be advisable where third parties can contribute to the court's understanding"). CHILD USA's participation as *amicus* satisfies all relevant factors for deciding whether to grant leave to file.

1

## I. THE FACTORS IN FEDERAL RULE OF APPELLATE PROCEDURE 29(B) SUPPORT GRANTING CHILD USA LEAVE TO FILE

District courts often consider by analogy the requirements of Federal Rule of Appellate Procedure 29(b) in exercising their discretion whether to grant leave to file *amicus* briefs. See, e.g., Alkaabi, 223 F. Supp. 2d at 592; Foley v. Horizon Blue Cross Blue Shield of N.J., Inc., No. 06-6219, 2007 WL 2694069, at *1 (D.N.J. Sept. 11, 2007); see also Washington Gas & Light Co. v. Prince George's Cnty. Council, No. 08-0967, 2012 WL 832756, at *3 (D. Md. Mar. 9, 2012) ("District court . . . have discretion whether to grant or deny such leave and often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure."); Martinez v. Capital Cities/ABC-WPVI, 909 F. Supp. 283, 286 (E.D. Pa. 1995) ("[t]here is no specific statute of rule . . . , and I am therefore guided by Rule 29 of the Federal Rules of Appellate Procedure."). Rule 29 provides that motions for leave to file *amicus* briefs must state "the movant's interest," as well as "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed R. App. P. 29(b). The Third Circuit has explained that "it is preferable to err on the side of granting leave" so that a court will not "be deprived of a resource that might have been of assistance." Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, 293 F.3d 128, 133 (3d Cir. 2002); see also id. ("[O]ur court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the

proposed briefs do not meet Rule 29's criteria as broadly interpreted."); Newark Branch, NAACP v. Town of Harrison, 940 F.2d 792, 808 (3d Cir. 1991) (amicus briefs help "insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision"). CHILD USA and its proposed *amicus* brief satisfy those requirements.

*First*, CHILD USA has a substantial interest in the Court's resolution of this case. CHILD USA's interests in this case are directly correlated with its mission to eliminate barriers to justice for child sex abuse victims who have been harmed by individuals and institutions. This case will have immediate and broad implications on the ability of victims of sex abuse to bring civil claims in New Jersey. N.J. Stat. Ann. § 2A:14-2b enables victims of sexual abuse whose claims were previously time-barred to bring their claims. In turn, reviving civil statutes of limitations for sexual abuse in New Jersey will expose hidden perpetrators to the public, shift the cost of abuse from victims to those who perpetrated and enabled the abuse, and it will ultimately educate the public and help prevent future abuse.

*Second*, CHILD USA believes that the Court would find desirable its focused participate in this case as *amicus*. CHILD USA has legal and social science expertise that can help the court determine the constitutional questions at issue in this case. CHILD USA is uniquely positioned to provide this Court with current research and analysis regarding the constitutionality of New Jersey's revival law for sexual abuse

claims, the compelling public interest in revival of expired civil SOLs, impacts of the revival laws on public safety, the science of trauma and delayed disclosure by victims of their abuse, and the national landscape on revival windows for sexual abuse.

*Third*, CHILD USA's proposed *amicus* brief discusses issues central to the case. The question of the constitutionality of the revival provisions in N.J. Stat. Ann. § 2A:14-2b undergirds the analysis of the case. CHILD USA's proposed brief provides additional information on issues raised by the parties.

## II. ADDITIONAL FACTORS CONSIDERED BY THIS COURT ALSO SUPPORT GRANTING CHILD USA LEAVE TO FILE

This Court has considered four other factors in determining whether to grant *amici* leave to file, some of which overlap with the requirements in Rule 29 discussed above. These include whether (1) "the *amicus* has a 'special interest' in the particular case"; (2) the *amicus's* interest is not "represented competently or at all in the case"; (3) "the proffered information is timely and useful"; and (4) "the amicus is not partial to a particular outcome in the case." Alkaabi, 223 F. Supp. 2d at 592. Although frequently invoked, this Court has never held these four non-exhaustive factors to be dispositive, nor that a proposed *amicus* must satisfy a particular number of them to succeed. For example, in Alkaabi itself, this Court granted leave to file after mentioning the four above factors but only analyzing two: that *amicus* had a

4

"particularly strong interest" and had "submitted a thorough and well-written brief"; the Court brushed aside "partiality" as irrelevant. See id. at 592-93.

As address more fully abuse, CHILD USA does have a "special interest" in the outcome of this case. This case concerns the question of whether the revival provisions in N.J. Stat. Ann. § 2A:14-2b. The conclusion the Defendant asks the Court to consider would negatively impact the previously expired claims of victims of child sexual abuse.

CHILD USA's interests as a national nonprofit think tank are not represented by the parties. CHILD USA occupies a unique position as an expert on the science of trauma and resulting delayed disclosure of abuse, as well as maintaining the most comprehensive research on statutes of limitations for child sexual abuse claims in the country. The parties necessarily focus their arguments on other issues, while CHILD USA's proposed amicus brief focuses on the implications of this decision on every victim who brought a civil claim under this revival provision. This Court has readily accepted *amicus* briefs in cases like this one.

CHILD USA's proposed *amicus* brief is also timely. It is tendered 21 days after the Defendant filed its motion and the same day that the Plaintiff's opposition brief is due under the Court's scheduling order.

CHILD USA has no direct financial interest in the outcome of this specific proceeding, even if it has an interest in the legal issues presented by the case, as a

5

finding against constitutionality would block victims in New Jersey from court. Moreover, "there is no rule that the amicus must be impartial" in an absolute sense. Waste Mgmt. of Penn., Inc. v. City of York, 162 F.R.D. 34, 37 (M.D. Pa. 1995); see also Alkaabi, 223 F. Supp. 2d at 592 ("Parties with pecuniary and policy interests have been regularly allowed to appear as *amici* in our courts," and holding that its "partisan stance is not a bar to its appearance as *amicus*"). Indeed, the Court has case doubt on the relevance of impartiality as a factor, recognizing that "by the very nature of things the *amicus* is not normally impartial." Smith v. Chrysler Fin. Co., No. 00-6003, 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003) (quoting United States v. Gotti, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991)). Rather, *amici* "provide supplementary assistance to existing counsel and insur[e] a complete and plenary presentation of difficult issues so that the court may reach a proper decision." Gotti, 755 F. Supp. At 1158. The Third Circuit has similarly questioned the continued utility of the impartiality factor, noting that the "description of the role of an amicus was once accurate and still appears in certain sources, " but "became outdated long ago." Neonatology Assocs., P.A., 293 F.3d at 131 (Alito, J.). After all, "[t]oday, . . . Rule 29 requires that an amicus have an 'interest' in the case," and the "argument that an amicus must be 'impartial' is difficult to square with this requirement." Id. Instead, "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." Id.

## CONCLUSION

In light of CHILD USA's significant interest in this case, and the useful information its timely proposed *amicus* brief would provide the Court on important issues, CHILD USA respectfully requests the Court grant this Motion for Leave to File Brief of *Amicus Curiae* and accept the accompanying proposed *amicus* brief for filing.

Dated: February 21, 2022

Respectfully submitted,

*/s/ Hillary Nappi*
Hillary M. Nappi, Esq.
Hach Rose Schirripa & Cheverie LLP
112 Madison Avenue, 10th Floor
New York, NY 10016
Tel: (212) 213-8311
hnappi@hrsclaw.com
Counsel of Record


Prof. Marci A. Hamilton, Esq.
University of Pennsylvania
Founder & CEO, CHILD USA
3508 Market Street, Suite 202
Philadelphia, PA 19104
Tel: (215) 539-1906
marcih@sas.upenn.edu


Alice A. Bohn, Esq.
Legal Director, CHILD USA
Alice Nasar Hanan, Esq.
Bridget A. Brainard, Esq.
Staff Attorneys, CHILD USA
3508 Market Street, Suite 202,

7

Philadelphia, PA 19104
Tel: (215) 539-1906
abohn@childusa.org
ahanan@childusa.org
bbrainard@childusa.org