UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LILI BERNARD, | 1:21-cv-18566-NLH-MJS |
| Plaintiff, | **OPINION** |
| v. | |
| WILLIAM COSBY, | |
| Defendant. | |

**APPEARANCES**:

JORDAN KOEL MERSON
JORDAN K. RUTSKY
MERSON LAW, PLLC
950 THIRD AVENUE
18TH FLOOR
NEW YORK, NY 10022

*On behalf of Plaintiff*

JENNIFER ANN BONJEAN
ASHLEY BLAIR COHEN
BONJEAN LAW GROUP
750 LEXINGTON AVENUE
9TH FLOOR
NEW YORK, NY 10022

*On behalf of Defendant*

**HILLMAN, District Judge**

This matter comes before the Court upon the Motion [Docket Number 11] by CHILD USA ("CHILD") for Leave to File an *Amicus Curiae* Brief. Plaintiff consents to the Motion. Although Defendant does not consent, he failed to file any opposition,

leaving the matter unopposed.  For the reasons expressed herein, CHILD's motion will be granted.

I.  **BACKGROUND**

Plaintiff alleges that Defendant drugged and sexually assaulted her on at least one occasion in the summer of 1990. Plaintiff claims Defendant threatened her if she reported his allegedly abusive conduct.  On October 14, 2021, Plaintiff initiated the instant action, asserting tort claims against Defendant for assault, battery, intentional infliction of emotional distress, and false imprisonment.

Currently pending before the Court is Defendant's Motion to Dismiss [Dkt. No. 10], which notes that, "[t]o avoid the statute of limitations bar to her 30-year-old claims, Plaintiff invokes the so-called 'reviver amendment' to the New Jersey Child Sexual Abuse Act ("CSAA"), claiming that the amendment permits her [to] bring her tort claims outside the statute of limitations." Motion to Dismiss [Dkt. No. 10], at 1.  Defendant's Motion centers upon analysis of the CSAA, claiming Plaintiff is not covered by the Act and that the Act itself is unconstitutional.

As set forth in the certification of Hillary M. Nappi ("Nappi Cert."), counsel to CHILD,

> CHILD USA is the leading non-profit national think tank working to end child abuse and neglect in the United States.  CHILD USA engages in high-level legal, social science, and medical research and analysis to derive

2

> the best public policies to end child abuse
> and neglect. Distinct from an organization
> engaged in the direct delivery of services,
> CHILD USA produces evidence-based solutions
> and information needed by policymakers,
> youth-serving organization, media, and the
> public to increase child protection and the
> common good. CHILD USA's Founder, Professor
> Marci A. Hamilton, is the leading
> constitutional law scholar on revival laws,
> and has advised state governors,
> legislatures, and judiciaries on the
> constitutionality of revival window laws for
> child sex abuse throughout the country,
> including in New Jersey.

Nappi Cert. [Dkt. No. 11-1], at ¶2. Accordingly, as CHILD's mission is to eliminate barriers to justice for child sex abuse victims, CHILD avers the issues raised by Defendant's Motion have "immediate and broad implications on the ability of victims" to assert claims against their abusers.

## II. ANALYSIS

When addressing a motion to appear as *amicus curiae*, district courts are "guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which governs the appearance of amici in the circuit courts." Granillo v. FCA US, LLC, No. 16-153, 2018 WL 4676057, at *4 (D.N.J. Sept. 28, 2018) (citing U.S. v. Alkaabi, 223 F. Supp. 2d 583, 592 (D.N.J. 2002)). Courts "consider the following factors in deciding whether to grant *amicus* status: whether (1) the *amicus curiae* has a 'special interest' in the particular case; (2) the *amicus curiae's* interest is not represented competently or at all in

3

the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Granillo, 2018 WL 4676057, at *4 (citation omitted) (emphasis added); see also Alkaabi, 223 F. Supp. 2d at 592. "[A]n *amicus* brief may be *particularly helpful* when the party is unrepresented or inadequately represented, but it does not follow that an *amicus* brief is undesirable under all other circumstances." Neonatology Assocs., P.A. v. Comm'r of Internal Revenue, 293 F.3d 128, 132 (3d Cir. 2002) (emphasis in original). "At the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level." Alkaabi, 223 F. Supp. 2d at 592 (emphasis added). Ultimately, "[w]hether to grant *amicus* status is within the broad discretion of the district court." Granillo, 2018 WL 4676057, at *4 (emphasis added).

CHILD argues the issues presented by this case are of substantial interest to it, CHILD has particular legal and social science expertise relevant to the case, and CHILD's participation will aid the Court. CHILD also avers it has no specific partiality to a particular outcome in the case since CHILD's focus in on preserving the constitutionality of the CSAA. In particular, CHILD argues it has a special interest because the underlying action is one for sex abuse and Defendant's motion to dismiss, which challenges the

4

constitutionality of the CSAA, presents a direct conflict with CHILD's mission to end barriers to justice for child sex abuse victims.

In considering the above factors and the lack of opposition to CHILD's Motion to participate as *amicus curiae* in this action, the Court will grant the Motion.  Given that Defendant's motion to dismiss challenges the constitutionality of the CSAA, thereby imperiling potential sexual abuse victims' ability to file claims against their abusers beyond the facts of this case, the Court finds CHILD undoubtedly has a special interest in this case.  While CHILD's interest in the case may appear aligned with Plaintiff, this is merely a superficial reflection as CHILD's only stated purpose is to defend the CSAA and the victims of child abuse's ability to bring claims under the revival provision.  While Plaintiff certainly also seeks to defend to the CSAA as it relates to her ability to maintain her case against this defendant, Plaintiff's interest in a particular outcome is not demonstrably the same as or attributable to CHILD beyond the mere preservation of the Act. Key to this dichotomy is the fact that Plaintiff and CHILD seek to preserve the act for different reasons, namely Plaintiff's personal interest compared to CHILD's interest in the general public and for future claims.  In addition, the Court finds that CHILD's unique perspective on constitutional and social science

5

analysis on the issues of sexual abuse victims and the constitutionality of revival laws will aid the Court. Accordingly, CHILD will be allowed to appear as *amicus curiae* for the limited purpose of participating in the resolution of Defendant's motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, CHILD's motion will be granted. An appropriate Order will follow.

Date:  August 11, 2022          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.