**Bonjean Law Group, PLLC**
**750 Lexington Avenue, 9th Floor**
**New York, New York 10022**
**Tel: (718) 875-1850**
**Fax: (718) 230-0582**
jennifer@bonjeanlaw.com

**Attorney for Defendant**

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, CAMDEN VICINAGE

| | | |
|---|---|---|
| **LILI BERNARD** | : | |
| Plaintiff, | : | 21-CV-18566 (NLH) (MJS) |
| v. | : | |
| **WILLIAM COSBY,** | : | |
| Defendant. | : | |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION REQUESTING THIS COURT TO CERTIFY ITS JANUARY 3, 2023 ORDER FOR AN <u>INTERLOCUTORY APPEAL</u>

Defendant William Cosby, by and through his counsel, the Bonjean Law Group, hereby moves this Court pursuant to 28 U.S.C. § 1292(b) to certify its order denying his 12(b)(6) motion ("Order") dated January 3, 2023 for an interlocutory appeal. Where the Order involves controlling questions of law on which there is substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation, this Court should certify the Order. 28 U.S.C. § 1292(b). If this Court exercises its discretion to certify

the Order, it should also stay all proceedings in the district court until the interlocutory appeal is decided. In the alternative, proceedings can simultaneously move forward before this Court during the pendency of an interlocutory appeal.

## BACKGROUND

Invoking diversity jurisdiction, the Plaintiff filed a Complaint in this Court, alleging that Defendant Cosby committed four common-law torts against her approximately 30 years ago in Atlantic City, New Jersey. To avoid the statute of limitations bar to her claims, Plaintiff invoked the reviver amendment (a.k.a "reviver window") to the New Jersey Child Sexual Abuse Act ("CSAA"), claiming that the amendment paved the way for her to bring her otherwise untimely claims. N.J.S.A. 2A:14-2b(a).

Defendant challenged the applicability and the constitutionality of the amendment in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Defendant argued that under its plain terms, the statute is inapplicable to Plaintiff because she was not a minor at the time of the alleged incident and she failed to plead that Defendant had been convicted of any crime under the New Jersey Criminal code, a prerequisite for saving her untimely claims.

Defendant also argued that the so-called reviver window is unconstitutional on Due Process and *Ex Post Facto* grounds. Defendant contended that the amendment is unconstitutionally vague because it does not define "crime of a sexual nature" or set out any standards by which to determine that a person without a criminal conviction could have committed sexual assault or crimes of a sexual

nature and further because it purports to retroactively re-open a statute of limitations on claims that have been barred for nearly two decades.

Lastly, Defendant argued that the reviver window violates *ex post facto* law in so far that it seeks to inflict additional punishment on Defendant than what was available under the law at the time of the alleged event. Defendant maintains that because the statute requires a civil court to determine that a Defendant committed a crime as a prerequisite to determining whether the claims are timely filed and that the statute has a punitive intent, the reviver window violates the *ex post facto* clauses of the United States and New Jersey Constitutions. In sum, Defendant's motion to dismiss alleged that the reviver window is unconstitutionally vague, deprives Defendant of vested rights, and violates *ex post facto* principles.

In an Opinion dated January 3, 2023 (Dkt. No. 17), this Court rejected each of the legal arguments identified, *supra,* and denied Defendant's motion. *Bernard v. Cosby,* (D.N.J. Jan. 3, 2023) Defendant's challenges were constitutional in nature and his motion to dismiss raised "pure legal issues." This Court's Opinion rejected those legal challenges while accepting each and every fact alleged by the Plaintiff. This Court's Order did not turn on questions of fact, but decided novel legal issues, never raised and never decided by any higher court. As such, Defendant now moves this Court to certify the Order for immediate review pursuant to the requirements set forth in 28 U.S.C. § 1292(b). *Tristani v. Richman,* 652 F. 3d 360, 364-65 (3d Cir. 2011).

# ARGUMENT

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for immediate appeal under exceptional circumstances. When a district court believes "that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the Court may certify an order for immediate review. 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the district court's discretion. *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 47 (1995).

## A.  The Order Involves a "Controlling Question of Law"

A "question of law" is "controlling" under 28 U.S.C. § 1292(b) if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.,* ˆ673 F. 2d 1020, 1026 (9th Cir. 1982). A "question of law" means a "pure" question of law, not a mixed question of law and fact or an application of law to a particular set of facts. *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.,* 219 F.3d 674, 676-77 (7th Cir. 2000). It allows the appellate court to decide the question "quickly and cleanly without having to study the record" and "without having to wait till the end of the case." *Id.* at 677.

The district court's Order unquestionably involves a "controlling question of law" where it involves the interpretation and constitutionality of New Jersey's so-called two-year revival window. The statute, in relevant part, provides:

> C.2A:14-2b Commencement of actions regardless of the statute of limitations:

> 9.a. Notwithstanding the statute of limitations provisions of N.J.S.2A:14-2, section 2 of P.L.2019, c.120 (C.2A:14-2a), section 1 of P.L.1964, c.214 (C.2A:14-2.1), or any other statute, an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c.7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c.109 (C.2A:61B-1), that occurred prior to the effective date of P.L.2019, c.120 (C.2A:14-2a et al.), and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following the effective date. § 2A:14-2b.

This Court rejected Defendant's argument that the statute requires a Plaintiff to plead that Defendant was convicted of a sexual assault or other prohibited sex act defined by the penal code. In short, this Court disagreed that "commission" means "conviction." This Court held that "as the plain language of the revival statute, existing distinctions between criminal and civil law, and legislative intent all point toward a finding that civil liability within the revival window is not premised on conviction . . . " *Bernard v. Cosby,* 2023 U.S. Dist. LEXIS 192, *11 (D.N.J. 2023)  Even though the statute does not expressly state as much, this Court determined that Plaintiff must, at some point, prove a "commission" of a triggering offense but that she may do so under civil litigation standards. This Court's rejection of Defendant's interpretation of the standard turned entirely on legal principles of statutory construction and did not involve any questions of fact or even mixed questions of fact and law.

Similarly, this Court's rejection of Defendant's Due Process challenge turns entirely on legal principles. Importantly, this Court rejected Defendant's vested rights argument, holding, "the Court joins other decisions within the District and

rejects Defendant's contention that the revival statute deprived him of a vested right in the statute of limitations." *Id.* at *17. This Court's analysis reflects its view that Defendant enjoyed no vested right in a statute of limitations defense, relying on cases from this district and United States Supreme Court law.

Lastly, this Court rebuffed Defendant's *ex post facto* challenge, hinging its decision on legal authority that generally holds that the constitutional prohibition on *ex post facto* laws applies only to penal statutes. This Court declined Defendant's warm invitation to distinguish the United States Supreme Court's decision in *Calder v. Bull*, 3 Dall. 386 (1788) which some scholars and even subsequent opinions from the United States Supreme Court have called into question. This Court similarly rejected Defendant's contention that the statute at issue here is sufficiently punitive to implicate *ex post facto* concerns. *Id.* at *21-24.

A review of the arguments raised by the Defendant and this Court's Opinion rejecting Defendant's arguments demonstrates that this Court's Order clearly involve "controlling questions of law." The issues raised our pure questions of law that if decided in favor of the Defendant would result in quick resolution of the case, namely dismissal. As such Defendant satisfies the first requirement of 28 U.S.C. § 1292(b).

**B.    Substantial Grounds for Difference of Opinion Exist as to the Controlling Questions of Law.**

Because the constitutionality of New Jersey's reviver window as made available to adults, an unprecedented law, has never been decided by *any* reviewing court of New Jersey and no analogous law (*i.e.* a reviver or look-back window for

6

victims of *adult* sexual abuse) has been constitutionally examined by a state high court or the United States Supreme Court, this Court's Opinion is a first of its kind. Not surprisingly, this Court's examination of New Jersey's reviver window for constitutional soundness relies largely on persuasive authority rather than binding, precedential or well-settled authority by state or federal reviewing courts holding that the statute passes constitutional muster. In fact, this Court did not have the benefit of any authority from other states that have examined the constitutionality of look-back windows for adult victims of sexual abuse or assault.

Because this is an unprecedented statute that raises serious constitutional questions on which reasonable jurists may disagree, this Court's Order is uniquely appropriate for immediate review. Not only should the question of the reviver window's constitutionality be certified because of its importance in the State of New Jersey, it should be certified because of its national impact. Indeed, activists and sponsors of the legislation proudly tout it as "concrete legislation" that can guide other states in the passage of similar laws. Accordingly, whether the statute passes constitutional muster is a question of vital importance.

While there is no "split" in authority on the constitutional questions raised by Defendant in his motion to dismiss because New Jersey's reviver window is the first of its kind, substantial grounds of difference of opinion exist about the constitutional viability of the statute. At the outset, the question of whether state legislatures are free to revive expired tort claims that involve accusations of sexual abuse by adults - even when the Defendant has lost meritorious defenses due to the

7

passage of time - gives rise to substantial disagreement among reasonable jurists. This Court rejected Defendant's vested right in a statute of limitations argument, reasoning that Defendant cannot show "manifest injustice" because his "alleged actions at the time were as illegal at the time of their commission as they are now. The only difference is the length of time Plaintiff has been provided to seek recourse." *Bernard,* 2023 U.S. Dist. LEXIS 192, *23.

This Court should certify its Order, because substantial grounds for difference opinion exist on whether it is fair to strip a defendant of his limitations defense in response to a 30 or 50-year old allegation, even one that may have always constituted some type of criminal offense. Indeed, numerous state high courts would side with Defendant on this issue, as discussed below.

It is true that the Third Circuit considered this question in the context of a child victim, there is good reason to believe that the Third Circuit would reach a different conclusion if the plaintiff was an adult at the time of the underlying events. *W.F. v. Roman Catholic Diocese Paterson,* 2021 U.S. Dist. LEXIS 111062, *10 (D.N.J. June 7, 2021) In the latter scenario, the public interest in retroactive application of an extended statute of limitations is greatly reduced, because adults do not face the same challenges as children in recognizing or appreciating the harm they suffered as a result of the child sexual abuse. There is a critical difference between the *inability* to recognize the harm resulting from child sexual abuse, and the affirmative decision to forego pressing a claim which is all that can be said for adult victims of sexual abuse. The public interest in retroactive application of an

8

extended statute of limitations is slight where an adult victim merely chooses not to pursue a claim as opposed to a child victim who did not *choose* anything, but merely did not have the agency or ability to recognize the harm he/she suffered.

Where an adult victim has, perhaps for good reason, chosen not to timely press her claim, reasonable jurists would disagree about whether it would be manifestly unjust to deprive a defendant of his limitations defense to a claim that is decades old. The Third Circuit might see this issue differently than it did in *W.F.* when considering a 26-year old victim who does not even claim that she only just discovered the harm she experienced as a result of the multiple drugging's and raping's she claims to have suffered at the hands of the Defendant.

The Third Circuit would likely re-weigh the manifest injustice question in light of the "slippery slope" that results from this Court's Order. This Court invites the New Jersey state Legislature to a revive all types of claims that have nothing to do with sexual abuse. Under this Court's logic, the Legislature is free to revive expired assault and battery claims based on domestic violence incidences under the same rationale that justifies the revival of Plaintiff's sexual assault claim. It has long been illegal to beat your spouse. Victims of spousal abuse have a long history of non-reporting due to the stigma associated with domestic violence and fear of retribution. Under this Court's analysis, the New Jersey Legislature would be free to open up a window for all adult victims of domestic violence to bring intentional tort claims against past husbands or partners. Indeed, such victims could argue that they are being denied equal protection under the laws where there is no public

9

policy justification for a reviver window for adult sexual abuse victims that does not also exist for adult domestic violence victims.

That other states recognize a vested right in statutes of limitations is more evidence that substantial grounds for difference of opinions exist on the issue of whether retroactive application of extended statutes of limitations comply with Due Process guarantees. Just by way of example, Illinois courts agree that amendments extending a limitation period are not to be given retroactive effect and that retroactive application of such an extension would unlawfully deprive the defendant of a vested right. *Arnold Eng'g, Inc., v. Indus. Comm'n,* 72 Ill. 2d 161, 167 (1978); *O'Brien v. Edward Hosp. Ass'n,* 1990 U.S. Dist. LEXIS 3217 (N.D. Ill. 1990).

In *Mitchell v. Roberts,* 2020 UT 34 (2020), the case came before the Utah Supreme Court on certification from the United States District Court for the District of Utah on the question of whether Utah Code Section 78b-2-308(7) which revived expired claims involving child sexual abuse was constitutionally permissible. The Utah Supreme Court held that the Utah Legislature is constitutionally prohibited from retroactively reviving time-barred claims in a manner that deprives a defendant of his vested statute of limitations defense. The Utah Supreme Court observed:

> The Due Process Clause is not a "free-wheeling constitutional license for courts to assure fairness on a case-by-case basis." It is a "constitutional standard. . . . measured by reference to 'traditional notions of fair play and substantial justice.'" The historical standard, moreover, encompasses key limitations on the powers of the branches of government. Under our constitution, the executive has the power to enforce the law (not to make it), the judiciary has the power to adjudicate cases under existing law in accordance with established

10

procedures, and the legislature has the power to enact general laws to govern behavior going forward. The guarantee of due process, as originally understood, is a principle for enforcement of these limitations. As applied to the question presented here, the due process guarantee has long been understood as a limitation on the legislative power - a prohibition of legislative acts that retrospectively divest a person of vested rights lawfully acquired pre-existing law. *Id.* at ¶31.

Under Pennsylvania law, "there is a vested right in an accrued cause of action, in a defense to a cause of action, *even in the statute of limitations* when the bar has attached . . " *Konidaris v. Portnoff Law Assoc.,* 598 Pa. 55 (2008) *citing Lewis v. Pennsylvania R.R. Co.,* 220 Pa. 317 (1908). *See also, Chambers v. Gallagher,* 177 Cal. 704 (1918) (striking down a law that attempted to revive a right of action which had long expired and acknowledging that most states universally endorse the view that when legislatures pass statutes of limitations, they are intended to permanently divest the right of action).

While New Jersey is certainly not obligated to adopt the law of any other state, the New Jersey Supreme Court has not considered whether a law that revives an expired statute of limitations for adult victims of sexual abuse interferes with a Defendant's Due Process rights under the New Jersey Constitution. The authority cited, *supra,* demonstrates that substantial grounds for difference of opinion exist on this question, particularly where the public interest in allowing adult plaintiffs to bring claims they *chose* not to press is not as compelling as the public interest in permitting *children* the time and opportunity to *recognize* their harm and bring their claims.

11

A substantial difference of opinion on the question of whether the reviver window violates the *ex post facto* doctrine notwithstanding the ancient decision of *Calder v. Bull*. The Third Circuit should consider, sooner rather than later, whether the New Jersey Legislature circumvented the *ex post facto* rule by giving civil form to a law that was intended to *punish*.

As the United States Supreme Court noted in *Smith v. Doe,* 538 U.S. 84, 92 (2003), a law runs afoul of the rule if the legislature intended the law to punish; if the law's purpose is to punish that ends the matter. As Governor Murphy's Press Release[1] reflects, the primary purpose in passing the legislation was to give victims "justice." State Senator Vitale, a primary sponsor of the bill, declared "thankfully survivors in New Jersey have the opportunity to seek *justice*." Assemblywoman Quijano announced, "this bill is about allowing victims the time to get the *justice* they deserve." Assemblywoman Jasey stated, "[p]ut simply, this bill gives survivors more options and opportunity to pursue *justice*." The Executive Director of Survivors Network of those Abused by Priests ("SNAP") declared, "[t]his new law will be one of the best in the nation, granting sexual abuse survivors the opportunity to *access the justice system*, and provides an example for other states of concrete legislation they can pass that will help survivors of sexual abuse heal while creating safer, more informed communities."

As the foregoing remarks reflect, the reviver window is all about justice and accountability which are inherently retributive terms. To dispense justice or to hold

---

[1] https://www.nj.gov/governor/news/news/562019/20190513c.shtml

12

someone accountable usually means to punish a person for a wrong. And punishment for doing wrong is the core of retribution. *Kennedy v. Louisiana,* 554 U.S. 407, 420 (2008) (retribution "reflects society's and the victim's interest in seeing that the offender is repaid for the hurt he caused.") Moreover, the SNAP Executive Director's remarks regarding "creating safer" communities explicitly invokes deterrence, another goal of punishment.

As this Court noted, the Third Circuit acknowledges that "it is possible for a civil statute to be criminally punitive in effect." But this Court was unpersuaded that the reviver window was sufficiently punitive to trigger *ex post facto* concerns. There can be little question that substantial differences of opinion exist on whether the reviver window is punitive in its effect such that it violates the *ex post facto* doctrine. Most obviously, the statute applies *only* to criminal conduct and is defined by the criminal penal code. The crimes identified by the statute require *scienter*, a hallmark feature of criminal offenses. And of course, the statute expressly calls for punitive damages which is by definition designed to *punish*. In rejecting Defendant's argument, this Court focused almost entirely on whether the statute has the capacity to restrict the defendant's physical liberty, concluding that the revival statute "serves separate means as compared to the New Jersey Code of Criminal Justice" and cannot be characterized as penal in nature rather than civil. *Bernard,* 2023 U.S. Dist. LEXIS 192, *21.

For the reasons identified, *supra,* and in Defendant's moving papers, substantial differences of opinion exist on the controlling legal question that drove

13

the reasoning of this Court in denying Defendant's motion to dismiss. Accordingly, the second requirement of 28 U.S.C. § 1292(b) is satisfied and justifies Defendant's request that this Court certify is Order.

### C. Certification Will Materially Advance the Ultimate Termination of the Litigation.

An immediate appeal will materially advance the ultimate termination of this litigation. The issues raised by this Court's Order are purely legal and do not require the Court of Appeal to study the record; a decision in Defendant's favor would put an immediate end to this litigation. Importantly, even if the case advances to trial and results in a judgment in favor of Plaintiff, the issues presented in Defendant's motion to dismiss will go before the Third Circuit for review. In short, the constitutionality of the statute will likely go to the Third Circuit (and perhaps the United States Supreme Court) no matter how this case this shakes out before this Court. Since a decision in Defendant's favor would put an immediate end to the litigation, certification of the Court's Order will materially advance the ultimate termination of the litigation.

Defendant requests that this Court stay these proceedings while the Third Circuit decides the important *dispositive* issues that will determine whether the case should proceed at all. Defendant should not be forced to defend these allegations before the constitutionality of the reviver window (for adults) is considered by the Third Circuit or the New Jersey Supreme Court. But even if this Court is disinclined to stay the proceedings, it has the discretion to certify the Order while allowing proceedings to move forward before this Court.

## CONCLUSION

Defendant respectfully requests this Court to certify its January 3, 2023 Order by January 13, 2023 where the Order involves controlling questions of law on which there is substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of the litigation.

                                                                               Respectfully Submitted,

Dated: January 10, 2023                By:  /s/ JENNIFER BONJEAN
       New York, NY                        *Attorney for Defendant*

                                                         Bonjean Law Group, PLLC
                                                         750 Lexington Avenue, 9th Floor
                                                          New York, New York, 10022
                                                          Tel: (718) 875-1850
                                                          Email: jennifer@bonjeanlaw.com

CC: ALL counsel via ECF