```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LILI BERNARD | 1:21-cv-18566-NLH-MJS |
| Plaintiff, | **OPINION** |
| v. | |
| WILLIAM COSBY | |
| Defendant. | |

Appearances:

JORDAN KOEL MERSON
JORDAN K. RUTSKY
MERSON LAW, PLLC
950 THIRD AVENUE
18TH FLOOR
NEW YORK, N.Y. 10022

   *On behalf of Plaintiff*

JENNIFER ANN BONJEAN
ASHLEY BLAIR COHEN
BONJEAN LAW GROUP, PLLC
750 LEXINGTON AVENUE
9TH FLOOR
NEW YORK, N.Y. 10022

   *On behalf of Defendant*

HILLARY MARA NAPPI
HACH ROSE SCHIRRIPA & CHEVERIE LLP
112 MADISON AVENUE
10TH FLOOR
NEW YORK, N.Y. 10016

   *On behalf of Amicus Curiae*

**HILLMAN**, District Judge

   Pending before the Court is Defendant William Cosby's

("Defendant") motion to certify the Court's January 3, 2023 order for interlocutory appeal. (ECF 20). For the reasons expressed below, Defendant's motion will be denied.

## I.  Background

Plaintiff Lili Bernard ("Plaintiff") initiated the instant action on October 24, 2021, alleging various intentional torts purportedly committed during an August 1990 incident in Atlantic City during which Defendant allegedly drugged and sexually assaulted her. (ECF 1; ECF 19). Plaintiff's complaint then, and now amended, seeks to revive her otherwise untimely claims by invoking N.J.S.A. 2A:14-2b, (ECF 1 at ¶ 8; ECF 19 at ¶ 8), which permits commencement of an otherwise time-barred civil action stemming from "an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c. 7 (C.2A:30B-2), or sexual abuse as defined in section 1 of P.L.1992, c. 109 (C.2A:61B-1), that occurred prior to the effective date" within two years of its December 1, 2019 effective date, N.J.S.A. 2A:14-2b(a); N.J.S.A. 2A:14-2c.

Defendant's motion to dismiss focused on interpretive and constitutional challenges to the revival statute, including the statute's applicability – as Plaintiff was an adult at the time of the alleged acts and Defendant was not convicted of a crime – and the validity of the statute on vagueness, due process, and

2

ex post facto grounds.  (ECF 10; ECF 10-2).  In its January 3, 2023 opinion and order, the Court rejected each of Defendant's challenges to the revival statute, concluding that: (1) the plain and unambiguous language of the statute applied the revival window to the alleged commission of, as opposed to conviction resulting from, a sexual offense, (2) legislative intent existed in support of the revival window's application to adult victims, (3) the revival statute was not vague as applied to Defendant, (4) the revival statute did not deprive Defendant of a vested right in a statute of limitations or constitute a manifest injustice for due process purposes, and (5) Defendant's ex post facto challenge "failed to provide 'clearest proof' to override legislative intent as to the civil nature of the revival statute."  (ECF 17 at 10, 14-15, 17-18, 21-23, 27; ECF 18).[1]

    Defendant thereafter moved for the Court to certify its

---

[1] The Court limited its January 3, 2023 decision to allegations related to the August 1990 incident in Atlantic City, finding that additional actions asserted in the original complaint – such as an alleged assault during a theatrical exercise – were not pled with specificity and raised doubts as to the appropriateness of this venue when Plaintiff is domiciled in California, Defendant is domiciled in Pennsylvania, and additional actions occurred in nondescript locations. (ECF 17 at 33-35).  Plaintiff's amended complaint clarifies that alleged additional incidents in New York and Nevada are referred to for context and evidence supporting the Atlantic City allegations and "are not the bases of the causes of action alleged in this lawsuit."  (ECF 19 at ¶¶ 36-37).

3

order for interlocutory appeal, (ECF 20), to which Plaintiff filed an opposition, (ECF 25).

## II. Discussion

### A. Jurisdiction

The Court has jurisdiction over this matter as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a).

### B. Certification for Interlocutory Appeal

When a district judge enters an otherwise unappealable order and is of the opinion that the order involves a controlling question of law for which there is substantial ground for difference of opinion and an immediate appeal "may materially advance the ultimate termination of the litigation," they may state so in an order.  28 U.S.C. § 1292(b).  Therefore, a party may pursue an interlocutory appeal "only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) the final resolution of the appeal has the potential to materially advance the determination of the litigation." Juice Ent., LLC v. Live Nation Ent., Inc., 353 F. Supp. 3d 309, 311 (D.N.J. Dec. 19, 2018) (citing 28 U.S.C. § 1292(b) and Tristani ex rel. Karnes v. Richman, 652 F.3d 360, 365 (3d Cir. 2011)); Interfaith Cmty. Org. Inc. v. PPG Indus., Inc., 702 F. Supp. 2d 295, 319 (D.N.J. Mar. 26, 2010) (same).  All three requirements

must be met before an issue may be certified for appeal, Weske v. Samsung Elecs., Am., Inc., 934 F. Supp. 2d 698, 709 (D.N.J. Mar. 19, 2013) (citing In re Schering-Plough Corp., No. 8-397, 2010 WL 2546054, at *4 (D.N.J. June 21, 2010)), and the movant bears the burden of demonstrating that each prong is met, Fed. Trade Comm'n v. Wyndham Worldwide Corp., 10 F. Supp. 3d 602, 633 (D.N.J. Apr. 7, 2014).

Deferral of appellate review until entry of final judgment "is a basic tenet of federal law." Juice Ent., LLC, 353 F. Supp. 3d at 311-12 (quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996)).  Therefore certification "should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." Wyndham Worldwide Corp., 10 F. Supp. 3d at 633 (quoting Huber v. Howmedica Osteonics Corp., No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009)).  A court's decision as to whether to certify is "wholly discretionary," such that a court may deny certification even when each of the three factors is met.  See Juice Ent., LLC, 353 F. Supp. 3d at 312 (quoting P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 355, 358 (D.N.J. Aug. 24, 2001)); see also United States v. Riddick, 669 F. App'x 613, 613 n.2 (3d Cir. 2016) (stating that an order denying a request to certify questions for appeal was unreviewable (citing Forsyth v. Kleindienst, 599 F.2d 1203, 1208 (3d Cir. 1979))).

**III. Analysis**

Defendant argues that the constitutionality and interpretation of the revival statute constitute a controlling question of law and immediate review by the Third Circuit would materially advance a determination in this litigation because, if Defendant was successful on appeal, the action would conclude. (ECF 20-1 at 4-6, 14). The Court agrees.

Plaintiff's claims are generally subject to a two-year statute of limitations. See N.J.S.A. 2A:14-2(a); Jones v. Fox Rothschild LLP, No. 20-6312, 2020 WL 6156774, at *3 (D.N.J. Oct. 21, 2020) ("Under New Jersey law, claims for intentional torts including assault & battery and IIED are subject to a two-year statute of limitations."). Therefore, without the benefit of the revival statute, Plaintiff's claims would be barred by the statute of limitations – a complete defense for Defendant. The Court thus finds that the first and third prongs of the certification analysis have been satisfied here. See Meyers v. Heffernan, No. 12–2434, 2014 WL 7336792, at *5, 8 (D.N.J. Dec. 22, 2014) (finding that whether a two-year or six-year statute of limitations applied constituted a controlling question of law that would materially advance the termination of litigation); see also Agostino v. Costco Wholesale Corp., No. 20-1399, 2021 WL 7184490, at *4 (D.N.J. Aug. 27, 2021) (concluding that the timeliness of the plaintiffs' claims represented a controlling

6

question of law, but that the defendant failed to present substantial ground for difference of opinion on the issue).

However, the Court finds that the motion turns on the second prong of the analysis – whether there is substantial ground for a difference of opinion. It concludes that there is not. Whether there is a substantial ground for difference of opinion may seem at first glance broad and inviting and almost inherent in any litigation, its application in practice is far more limited – "[t]he 'difference of opinion' must be a 'genuine doubt as to the correct legal standard.'" See Interfaith Cmty. Org. Inc., 702 F. Supp. 2d at 319 (quoting Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. Oct. 4, 1996)); Juice Ent., LLC, 353 F. Supp. 3d at 313 ("A substantial ground for difference of opinion exists when there is a genuine doubt or conflicting precedent as to the correct legal standard." (quoting Lighthouse Inst. for Evangelism v. City of Long Branch, No. CV 00-3366, 2012 WL 13034284, at *2 (D.N.J. Nov. 27, 2012))); see also In re Cortuk, No. 18-16148, 2019 WL 1418133, at *1-2 (D.N.J. Mar. 29, 2019) (applying the 28 U.S.C. § 1292(b) standard to an appeal of a bankruptcy court order and noting that "[c]ourts narrowly interpret the second criterion").

The movant under this standard must demonstrate that the court "applied a legal standard that 'other courts have substantially differed in applying.'" Karagjozi v. Bruck, No.

7

17-63, 2017 WL 3528002, at *3 (D.N.J. Aug. 16, 2017) (quoting Harter v. GAF Corp., 150 F.R.D. 502, 518 (D.N.J. July 28, 1993)); see also Delalla v. Hanover Ins., No. 09-2340, 2010 WL 186172, at *3-4 (D.N.J. Jan. 14, 2010) (finding that a genuine doubt may arise out of numerous conflicting decisions or a novel or complex issue of statutory interpretation, but that the ground for difference of opinion presented was insufficient "to warrant the extraordinary remedy of interlocutory certification"). Mere disagreement with a court's application of a correct legal standard is insufficient, see Interfaith Cmty. Org. Inc., 702 F. Supp. 2d at 319, and a court may find a lack of genuine doubt even if district and circuit courts have arrived at contrary holdings, provided that those holdings are not controlling, see Smith v. Conseco Life Ins. Co., No. 2:13-cv-5253, 2014 WL 5361746, at *2 (D.N.J. Oct. 21, 2014) (citing Interfaith Cmty. Org. Inc., 702 F. Supp. 2d at 319).

  Defendant contends that the Court's January 3, 2023 decision is the first of its kind and immediate review is important because it would potentially inform the drafting and interpretation of similar laws in other states – creating national impact. (ECF 20-1 at 6-7). Substantial ground for disagreement exists as to the fairness of stripping away a defendant's statute-of-limitations defense, according to Defendant, and the public-interest considerations present for

8

the revival window as applied to minor victims may not exist for adult victims – setting a "slippery slope" for the revival of other types of untimely claims, including domestic abuse.  (Id. at 7-10).  Defendant cites state high courts that have found a vested right in a statute of limitations and questions whether the New Jersey Legislature circumvented ex post facto principles by giving punitive effect to civil law.  (Id. at 10-14).  The Court is unpersuaded.

First, the state supreme court opinions cited by Defendant are not binding on this Court.  See Smith, 2014 WL 5361746, at *2.  To the extent that they may possess persuasive value, the Court finds these decisions to be at large distinguishable from the present matter or reliant on state constitutions and legal precedent inapplicable – and in some ways contradictory – to the case at bar.  See, e.g., Mitchell v. Roberts, 469 P.3d 901, 912-14 (Utah 2020) (discussing its adoption in Ireland v. Mackintosh, 61 P. 901 (Utah 1900), of the dissenting view in Campbell v. Holt, 115 U.S. 620 (1885) and holding that the "[t]he legislature lacks the power to retroactively vitiate a ripened statute of limitations defense under the Utah Constitution"); Arnold Eng'g, Inc. v. Industrial Comm'n, 380 N.E. 2d 782, 785 (Ill. 1978) (citing Board of Education v. Blodgett, 40 N.E. 1025 (Ill. 1895), for the proposition that it was a denial of due process under the Illinois Constitution to

9

revive a previously barred action and, in any case, the legislature failed to indicate express intent to revive previously barred actions). As Defendant concedes, "New Jersey is certainly not obligated to adopt the law of any other state." (ECF 20-1 at 11).

Second, Defendant's appeal to fairness and policy considerations and the "slippery slope" that might result from further legislative revival of expired claims are not proper matters of consideration for the Court. Even if the Court were sympathetic to these arguments, and it does not state so here, "judicial intervention is generally unwarranted no matter how unwise a court considers a policy decision of the legislative branch." See Nat'l Collegiate Athletic Ass'n v. Christie, 926 F. Supp. 2d 551, 555 (D.N.J. Feb. 28, 2013); see also In re Peralta, 48 F.4th 178, 181 (3d Cir. 2022) ("Only legislators, not courts, can craft policy."). The Court's task in its January 3, 2023 opinion was to interpret the intent of the New Jersey Legislature consistent with principles utilized within New Jersey and the Third Circuit. Defendant does not contend that the Court erred in doing so.

Finally, the Court does not find that the relative uniqueness of the revival statute or its broader implications necessitate certification. Though Defendant asserts that this case turns on an "unprecedented statute that raises serious

10

constitutional questions on which reasonable jurists may disagree," (ECF 20-1 at 7), whether there is "substantial ground for a difference of opinion" is not an academic exercise that turns on whether a hypothetical judge or law professor would agree with the Court's ruling.  That a decision is one of first impression does not itself inform whether a substantial ground for difference of opinion exists.  See Agostino, 2021 WL 7184490, at *4 (citing Inserra Supermarkets, Inc. v. Stop & Shop Supermarket Co., LLC, No. 16-1697, 2017 WL 3189029, at *3 (D.N.J. July 27, 2017)).  "The lack of definitive guidance from the Third Circuit or the Supreme Court of New Jersey may create room for speculation on how they might resolve the matter, but . . . the speculation does not rise to a substantial ground for a difference of opinion."  Smith, 2014 WL 5361746, at *2.

The Court therefore holds that Defendant's arguments amount to a disagreement with the Court's January 3, 2023 decision, which is insufficient to warrant certification.  See Interfaith Cmty. Org. Inc., 702 F. Supp. 2d at 319.

**IV. Conclusion**

For the reasons stated above, Defendant's motion, (ECF 20), will be denied.  An Order consistent with this Opinion will be entered.

Date: August 17, 2023                       s/ Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.